**State of ALABAMA, Plaintiff,**

v.

**Jeffery BAKER, Jr., Defendant.**

**No. Civ.A. 02–A–1074–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Sept. 30, 2002.

Office of Atty. General, Montgomery, AL, for Plaintiff.

Jeffery Baker, Jr, Brundidge, AL, Pro se.

## MEMORANDUM OPINION

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This cause is before the court on a removal by Jeffery Baker, Jr. ("Baker") of a criminal case pending against him in the District Court of Pike County, Alabama. Baker removes the case on the basis of 28 U.S.C. § 1443(1), which provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof....

This court has the responsibility, pursuant to 28 U.S.C. § 1446(c)(4) [1], to review the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

---

1. 28 U.S.C. § 1446(c)(3) provides as follows: (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the

Defendant's notice of removal to determine whether it meets the requirements of the statute.

In *Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), the United States Supreme Court articulated the two-prong test which a removal petition filed pursuant to § 1443(1) must satisfy. First, the removal petitioner must show that the right upon which the petitioner relies arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* at 792, 86 S.Ct. 1783. Second, the removal petitioner must show that he has been denied or cannot enforce that right in the state courts. *Id.* at 794, 86 S.Ct. 1783.

 Baker primarily argues in his notice of removal that his right to petition and his right to equal protection of the laws are being denied by the State's prosecution of him. These rights are not those which fall within the scope of § 1443(1), however, as neither the right to petition nor the right to equal protection are laws providing for the equal civil rights of citizens of the United States. *See Alabama v. Conley,* 245 F.3d 1292, 1295–96 (11th Cir. 2001) (broad assertions under the Equal Protection Clause or § 1983 are insufficient to support a valid claim for removal under § 1443(1)). Baker's allegation of a violation of § 1981 may be sufficient, *see id.* at 1296, although there are no specific facts alleged from which the court can determine whether there is a basis in fact for his allegation. *See Powell v. State of Arkansas,* 310 F.Supp. 142 (W.D.Ark. 1970).

 The removal petition fails, however, the second *Rachel* prong. As the Eleventh Circuit has explained, under the Supreme Court's interpretation of § 1443(1), it is not enough to allege that a defendant's civil rights have been corruptly denied in advance of trial, that the charges are false, or even that the defendant is unable to obtain a fair trial in a particular state court. *Conley,* 245 F.3d at 1297. Rather, the vindication of a defendant's federal rights is left to the state courts, unless it can be clearly predicted that the very act of bringing a defendant to trial will deny those rights. *Id.* Such a showing can be made if the civil rights act pursuant to which the defendant has filed a notice of removal immunizes the defendant from the prosecution at issue. *See id.* at 1298. Baker has not made a showing, as § 1981 does not immunize Baker from the state court prosecution brought in this case.

Accordingly, this court does not have jurisdiction and the case is due to be remanded. A separate Order will be entered in accordance with this Memorandum Opinion.